# U.S. Court of Appeals for the Third Circuit

No. 25-1699

Lisa Mensch, Administrator of the Estate of Taylor Mensch,
Appellant

v.

Pyramid Healthcare, Inc.; Delaware County; The GEO Group, Inc.;
Jonathan Wolf; Jean Clifton, et al.

_____

On Appeal from the U.S. District Court, E.D. Pa.
Judge Kelley B. Hodge, No. 2:22-cv-04959

Before: Restrepo, Bibas, and Fisher, *Circuit Judges*
Submitted: Apr. 21, 2026; Filed: April 24, 2026
_____

Nonprecedential Opinion[*]

Bibas, *Circuit Judge*. Though many people die tragically, sometimes no one is liable. Taylor Mensch, a drug addict, was arrested for possessing drugs and jailed in Delaware County, Pennsylvania. The state court agreed to divert her from prosecution, letting her out on bail with an order to attend inpatient drug treatment at Pyramid Healthcare. Jail officers released her and escorted her out front, leaving her alone. Then Pyramid's driver, Khalil Tawwab, arrived at the jail to transport her to the treatment center. Though Mensch got into his van, moments later she grew upset, got out, and refused to get back in. Tawwab drove off, leaving her there without telling anyone. Mensch borrowed a cellphone and called her

_____

[*]This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

sister, who came and picked her up in front of the jail. Hours later, Mensch overdosed on drugs and died.

Mensch's mother sued the jail, some of its officers, the private company (GEO Group) that ran it, the County, and Pyramid and its employees (including Tawwab). The District Court dismissed for failure to state a claim. We review de novo and may affirm on any ground fairly presented on the record. *Kalu v. Spaulding*, 113 F.4th 311, 324 (3d Cir. 2024); *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019).

Mensch's mother appeals from the dismissal of only three of her claims: § 1983 and state-law negligence claims against Tawwab, as well as her *Monell* claim against the County, GEO Group, Pyramid Healthcare, and Pyramid's employees. 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). All three fail.

Both tort claims against Tawwab presuppose that he owed Mensch a duty of care. Yet as Pyramid argues, and Mensch's mother does not rebut, people ordinarily have no duty to rescue or protect others. Mensch was never in Tawwab's custody; the jail had let her out on bail, and the court order to get drug treatment was not enough to create a special relationship and affirmative duty to protect her during transport. *See Torisky v. Schweiker*, 446 F.3d 438, 446 (3d Cir. 2006) (explaining that submitting to state custody rarely creates a special relationship if the patient can leave). Even if Mensch was bound by some "state restraints" to go to treatment, her choice to get in the van did not create a special relationship. *Black by Black v. Indiana Area Sch. Dist.*, 985 F.2d 707, 713–14 (3d Cir. 1993) (holding that school-bus drivers do not have a special relationship with the students they drive).

2

Besides, Mensch's choice to get out of the van would have broken the chain of causation, defeating proximate cause. *See Trude v. Martin,* 660 A.2d 626, 632 (Pa. Super. Ct. 1995).

Plus, there is little reason to treat Tawwab as a state actor who could be liable under §1983 for violating Mensch's civil rights. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (state-action requirement). Transporting defendants who are free on bail to drug treatment is not an exclusively public function. *See id.* at 646–47. Being a government contractor is not enough to show joint participation in the action. *Id.* at 647; *Leshko v. Servis*, 423 F.3d 337, 342 (3d Cir. 2005). And Mensch's mother cannot show that Delaware County exercised control over Tawwab's failed transportation. She says the County was responsible for "transporting prison inmates," but Mensch was not an inmate. App. 30 ¶27. She must plausibly allege that the County is "responsible for the specific conduct" complained of, but does not. *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Because no one committed a constitutional tort against Mensch, the County (as well as its contractors GEO Group and Pyramid Healthcare) cannot be liable under *Monell*. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986). In any event, Mensch's mother has shown no unconstitutional policy or custom. And though her complaint asserts "a long history of deliberate indifference to the treatment needs of inmates," the examples she lists all involved refusing to give medical care in jail, not transporting defendants released on bail. App. 35–36 ¶67(a)–(g). She pleads conclusions, not factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). We will thus AFFIRM.